**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA

v.

Case No. 5:25-cr-04750-MIS

CHRISTOPHER ORTEGA,

Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO SEVER

THIS MATTER is before the Court on Defendant Christopher Ortega's ("Defendant") Motion to Sever ("Motion"), ECF No. 174, filed on April 23, 2026. Upon review of Defendant's Motion, the record, and the relevant law, the Court will deny Defendant's Motion.

### I.  Background

Defendant wishes to sever his case from his co-defendants because "[m]uch of his defensive evidence would not be admissible in a jury trial of all of the defendants, but would be admissible in a bench trial if the case was severed." *Id.* at 1.

Defendant's "main defense is that the other defendants tricked him into coming to work for them, and the other defendants did not tell him that the job he accepted involved engaging in criminal conduct." *Id.* Defendant argues that since his "defense would include a failure to disclose by some of the principal defendants," evidence showing a failure to disclose "might not be admissible in a jury trial with all defendants." *Id.* Specifically, "[s]tatements made by the co-defendants to Christopher Ortega might not be admissible in a jury trial and would limit his ability to introduce exculpatory evidence." *Id.* at 3.

## II.  Legal Standard

"The Federal Rules of Criminal Procedure encourage joinder of defendants." *United States v. Caldwell*, 560 F.3d 1202, 1212 (10th Cir. 2009).

> Rule 8(b) states: The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

*Id.* The Tenth Circuit construes "Rule 8 broadly 'to allow liberal joinder to enhance the efficiency of the judicial system.'" *Id.* (citation omitted). "Ultimately, '[t]he test for a proper joinder is a common thread to each of the defendants,' which 'may be established by common evidence as to various counts.' *Id.* (citation omitted). "[J]oinder in nonconspiracy cases" is not conditioned "on all defendants[] being charged in every count." *Id.* at 1213.

"Under Federal Rule of Criminal Procedure 14(a), a district court has discretion to sever trials if a joint trial 'appears to prejudice a defendant.'" *Id.* Severance should only occur "when there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* (citation omitted). "In particular, '[t]he preference in a conspiracy trial is that persons charged together should be tried together." *United States v. Zapata*, 546 F.3d 1179, 1191 (10th Cir. 2008) (citation omitted).

"[T]he requisite showing of prejudice 'is not made by a complaint that one defendant is less culpable than another, or by an allegation that a defendant would have a better chance of acquittal in a separate trial, or by a complaint of the 'spill-over' effect of damaging evidence presented against a codefendant.'" *Id.* (citation omitted). "Rather, a defendant must show that he was deprived of his right to a fair trial." *Id.* (citation omitted).

When considering a motion for severance based on antagonistic defenses by co-defendants, "a trial court engages in a three step inquiry. First, it must determine whether the defenses presented are 'so antagonistic that they are mutually exclusive.'" *United States v. Pursley*, 474 F.3d 757, 765 (10th Cir. 2007) (citation omitted). "Second, because '[m]utually antagonistic defenses are not prejudicial per se,' a defendant must further show 'a serious risk that a joint trial would compromise a specific trial right . . . or prevent the jury from making a reliable judgment about guilt or innocence.'" *Id.* (citation omitted). "Third, if the first two factors are met, the trial court exercises its discretion and 'weigh[s] the prejudice to a particular defendant caused by joinder against the obviously important considerations of economy and expedition in judicial administration.'" *Id.* (citation omitted).

"Defenses are mutually antagonistic if 'the conflict between codefendants' defenses [is] such that the jury, in order to believe the core of one defense, must necessarily disbelieve the core of the other." *Id.* (citation omitted). "In other words, defendants must show that 'the acceptance of one party's defense would tend to preclude the acquittal of the other, or that the guilt of one defendant tends to establish the innocence of the other.'" *Id.* (citation omitted).

## III. Discussion

Defendant fails to articulate how severing his trial would prevent prejudice or mutually antagonistic defenses. Defendant plans to present a defense alleging one or more of the other codefendants "tricked him into coming to work for them, and the other defendants did not tell him that the job he accepted involved engaging in criminal conduct." Mot. at 1, ECF No. 174. He believes "[s]tatements made by the co-defendants to [him] might not be admissible in a jury trial and would limit his ability to introduce exculpatory evidence." *Id.* at 3.

First, Defendant Ortega fails to explain why statements made by other defendants to him would not be admissible. If a co-defendant's statement is testimonial in nature, that is, if it is "a formal statement to government officers," *Crawford v. Washington*, 541 U.S. 36 (2004) (citation omitted), then the statement is not admissible unless the co-defendant testifies, *United States v. Sarracino*, 340 F.3d 1148, 1159–60 (10th Cir. 2003) (citing *Bruton v. United States*, 391 U.S. 123, 131 (1968)) ("[T]he admission in evidence of a co-defendant's confession inculpating the defendant at a joint trial at which the co-defendant does not testify violates the defendant's Sixth Amendment right to confront witnesses against him."). Defendant Ortega refers to statements to him, Mot. at 3, ECF No. 174, not testimonial statements, and does not explain why statements to him would be inadmissible in a joint trial, *see generally id.* The Court, therefore, finds there is no need to sever Defendant Ortega to preserve his right to introduce into evidence statements by his co-defendants to him.

Second, Defendant Ortega does not articulate why there might be mutually antagonistic defenses presented by him and one or more co-defendants. Defendant Ortega plans to assert he was tricked into committing criminal acts. Mot. at 1, ECF No. 174. The Court can ascertain no reason why "the jury, in order to believe the core of [Defendant Ortega's] defense, must necessarily disbelieve" a codefendant's defense. *Pursley*, 474 F.3d at 765. Even if a codefendant contradicts Defendant Ortega and claims Defendant Ortega was aware he participated in criminal acts, it does not follow that Defendant Ortega's awareness bears on another codefendant's guilt. In other words, since no one else will walk free because the jury finds Defendant Ortega was aware or unaware he committed criminal acts, his defense is not mutually antagonistic to a codefendant's defense.

As Defendant Ortega has not shown he will be prejudiced by denying his Motion to Sever and has not shown his defense is mutually antagonistic to a codefendant's defense, the Court will deny his Motion to Sever.

Accordingly, it is **HEREBY ORDERED** that Defendant's Motion to Sever, ECF No. 174, is **DENIED**.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE