**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.** **Criminal No. 25-4750-SMD**

**MAXWELL STERLING JENSEN,**
**THOMAS REES,**
**CHRISTIAN JESUS CONTRERAS-VARELA,**
**CHRISTOPHER ORTEGA,**
**GERMAN ORTIZ-SANTILLANO,**
**CARLOS CONTRERAS,**
**OBED LOPEZ, and**
**SAMUEL CARDONA-QUEZADA.**

**Defendants.**

**MOTION TO DETERMINE THE EFFECT OF PRESS RELEASE PRIOR TO THE VERDICT**

On August 27, 2026, the U.S. Department of Justice issued press release number 26-253 stating that Christopher Ortega had been convicted in this case.

The press release stated, on August 27, 2026, before the Court had decided the verdict in the case that:

> Christopher Ortega was convicted at trial of conspiracy to transport stolen property in interstate commerce and interstate transportation of stolen property. At trial, prosecutors presented evidence that Ortega was hired to manage the Carlsbad yard, where he prepared load tickets documenting incoming and outgoing oil and witnessed the movement of stolen oil through the facility. Evidence also showed that the same vacuum truck repeatedly delivered stolen crude oil to the yard, where it was stored briefly before being transported into Texas for resale. Prosecutors presented evidence that Ortega knew the oil was stolen and understood that it was being transported across state lines.

There was considerable publicity based on the press release, including newspaper reports, television stories, and radio broadcasts.

Articles or stories appeared in the Roswell Daily Record, on KRQE television, on NPR radio broadcasts, and other media beginning on August 27, 2026.

The press release was taken down on August 28, 2026, after an email from counsel to the Albuquerque US Attorney's Office., but the press reports continued and some of them still exist today on the internet.

The verdict was then returned on September 30, 2026.

The American Bar Association Model Rules of Professional Conduct provide:

Rule 3.6: Trial Publicity

*Advocate*

(a) A lawyer who is participating or has participated in the investigation or litigation of a matter shall not make an extrajudicial statement that the lawyer knows or reasonably should know will be disseminated by means of public communication and will have a substantial likelihood of materially prejudicing an adjudicative proceeding in the matter.

(b) Notwithstanding paragraph (a), a lawyer may state:

(1) the claim, offense or defense involved and, except when prohibited by law, the identity of the persons involved;

(2) information contained in a public record;

(3) that an investigation of a matter is in progress;

(4) the scheduling or result of any step in litigation;

(5) a request for assistance in obtaining evidence and information necessary thereto;

(6) a warning of danger concerning the behavior of a person involved, when there is reason to believe that there exists the likelihood of substantial harm to an individual or to the public interest; and

(7) in a criminal case, in addition to subparagraphs (1) through (6):

(i) the identity, residence, occupation and family status of the accused;

(ii) if the accused has not been apprehended, information necessary to aid in apprehension of that person;

(iii) the fact, time and place of arrest; and

(iv) the identity of investigating and arresting officers or agencies and the length of the investigation.

(c) Notwithstanding paragraph (a), a lawyer may make a statement that a reasonable lawyer would believe is required to protect a client from the substantial undue prejudicial effect of recent publicity not initiated by the lawyer or the lawyer's client. A statement made pursuant to this paragraph shall be limited to such information as is necessary to mitigate the recent adverse publicity.

(d) No lawyer associated in a firm or government agency with a lawyer subject to paragraph (a) shall make a statement prohibited by paragraph (a).

The pre-verdict press release was prohibited by paragraph (a), and it may have influenced the verdict.

Defendant requests that the Court conduct a hearing to determine whether the pre-mature press release announcing his guilty had any effect on the verdict.

/s/Andrew Ottaway
Counsel for Christopher Ortega
Text/cell 817-559-0466
ottaway9@swbell.net
New Mexico State Bar No. 161975
New Mexico Federal Bar No. 22-199

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification to all involved.

Electronically filed September 30, 2026

/s/Andrew Ottaway